UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN I. RIVERA,<br><br>               Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CANYON<br>COUNTY JAIL MAIL ROOM and<br>DEPARTMENT OF CANYON<br>COUNTY SHERIFF,<br><br>               Defendants. | Case No. 1:25-cv-00055-DCN<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

Plaintiff John I. Rivera (Plaintiff) filed a prisoner in forma pauperis Complaint that is subject to screening. The Court must review complaints filed by paupers and prisoners seeking relief against state actors to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915 & 1915A. Having reviewed Plaintiff's Complaint and exhibits, the Court issues the following Order dismissing the Complaint.

## REVIEW OF COMPLAINT

### 1.  Standard of Law

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court liberally construes the pleadings to determine whether a case should be dismissed.

Under 28 U.S.C. §§ 1915 and 1915A, the Court may dismiss some or all of the claims in a complaint for any of the following reasons:

- "insufficient facts under a cognizable legal" theory, *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984), meaning that the factual assertions, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); or

- "lack of a cognizable legal theory," *Robertson*, 749 F.2d at 534, including that the complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B), or the Court applies a procedural bar  sua sponte (on its own) that is often raised as an affirmative defense, *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024) (affirming dismissal based on *Heck v. Humphrey*, 512 U.S. 477 (1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

## 2. Review of Claim

Plaintiff alleges that the Canyon County Jail received "legal mail" addressed to him from "550 W. Fort Street, Boise, ID, 83724." That is the address of the federal courthouse. Plaintiff complains that when a deputy handed him the envelope, it had already been opened. Plaintiff asserts his civil rights were violated by jail officials opening his "legal mail" without him being present.

In *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974), the United States Supreme Court

held that legal mail must "be specially marked as originating from an attorney, with [the attorney's] name and address being given, if [it is] to receive special treatment"). The law permits prison officials to open and inspect legal mail in the presence of the inmate. *Id*. at 577.

This "presence" requirement does not apply to ordinary, non-privileged mail; prison officials may open and inspect such mail without raising constitutional concerns. Mail "from the courts, as contrasted to mail from a prisoner's lawyer," is not considered "'legal mail.'" *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998) (citing *Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987) (correspondence from a court to a litigant is a public document, "which prison personnel could if they want inspect in the court's files").

Plaintiff has three federal cases pending. Hence, he has received, and will continue to receive, public documents from the Court concerning his litigation. Regardless of whether the jail has a broader definition of "legal mail," this Court must use the narrower definition of "legal mail" crafted by the appellate courts—mail from the federal court is *not* confidential or privileged mail. "So long as prison policies satisfy minimum constitutional requirements, the civil rights statute does not require a prison to comply with its "own, more generous procedures." *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Plaintiff has stated no cognizable claim with these allegations, and amendment would be futile. This case will be dismissed.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

## ORDER

**IT IS ORDERED** that the Complaint is DISMISSED for failure to state a federal

claim upon which relief can be granted.

DATED: May 20, 2025

David C. Nye
Chief U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4